UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDDIE TORRES,
    Plaintiff,

v.                                          Case No. 3:25-CV-67(OAW)

C.O. CARRION,
    Defendant.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Eddie Torres, a sentenced inmate who at the time of the relevant incident was in the custody of the Department of Correction ("DOC") at MacDougall-Walker Correctional Institution ("MacDougall"),[1] has filed a complaint alleging a violation of his constitutional rights.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity, officer, or employee. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion thereof, which is frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b). The court has reviewed all factual allegations in the complaint and has conducted an initial review of the allegations therein.

---

[1] Plaintiff currently is housed at Corrigan Correctional Institution. *See* ECF No. 15. At the time of incident alleged in the complaint, Plaintiff was a sentenced inmate. *See* Department of Correction, *Offender Information Search*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=433631 (last visited February 10, 2026). The court may take judicial notice of this website. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Taveras v. Semple*, No. 3:15CV00531(SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023) (taking judicial notice of the Connecticut DOC inmate locator).

This action arises from an alleged use of excessive force by a correctional officer.[2] On July 26, 2024, Plaintiff had just returned to his cell after attending religious programming when Officer Carrion, without orders and away from her post, entered, "forcefully grabbed" him, put him against the door, and "aggressively frisk[ed]" him, grabbing his genitals and buttocks. She then "forcefully" pulled Plaintiff out of his cell and searched it with another correctional officer (who had been present during the frisk). Plaintiff returned to his cell when the search was complete and discovered that his television was broken. The other officer allegedly reported Officer Carrion's actions to management.

In the "Claims for Relief" section of his complaint, Plaintiff lists a smattering of alleged violations: cruel and unusual punishment, infringement upon personal bodily integrity, excessive force, retaliation, failure to provide due process, and abuse of authority. He seeks monetary damages and injunctive relief. In "constru[ing] [the] *pro se* complaint 'liberally to raise the strongest arguments it suggests,'" *Darby v. Greenman*, 14 F.4th 124, 127–28 (2d Cir. 2021) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)), the court considers Plaintiff's "excessive force" claim to include his "cruel and unusual punishment" and "abuse of authority" claims, and his "due process" claim to include his "bodily integrity" claim.[3] Thus, the court finds three federal claims in the

---

[2] The court will not exhaustively relate the relevant facts, but will summarize the allegations for context. All allegations are taken from the complaint and are assumed to be true for the purpose of initial review.
[3] He also purports to sue pursuant to the laws of Connecticut, but he does not specify state law claims. The court infers that he intends to assert related state tort claims, but will only review the federal claims herein.

complaint: an excessive force claim under the Eighth Amendment;[4] a due process claim under the Fourteenth Amendment; and a First Amendment retaliation claim.  The court takes each in turn.

The Eighth Amendment of the U.S. Constitution protects against the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  "Although not 'every malevolent touch by a prison guard gives rise to a federal cause of action,' inmates 'have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials.'"  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) and *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir.1993)).  "To state an Eighth Amendment claim, a prisoner must allege two elements, one subjective and one objective."  *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015).  "The subjective component of the claim requires a showing that the defendant 'had the necessary level of culpability, shown by actions characterized by "wantonness"' in light of the particular circumstances surrounding the challenged conduct."  *Wright v. Goord,* 554 F.3d 255, 268 (2d Cir. 2009).  (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999)).  "[T]he test for wantonness 'is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (quoting *Scott v. Coughlin,* 344 F.3d 282, 291 (2d

---

[4] Because Plaintiff is a convicted prisoner, *see supra* note 1, his excessive force claim is analyzed under the Eighth Amendment.  *See Graham v. Connor,* 490 U.S. 386, 394 n.5 (1989) (noting that an excessive force claim for a convicted prisoner arises under the Eighth Amendment).

3

Cir. 2003)). The objective component requires a showing "that the conduct was objectively 'harmful enough' or 'sufficiently serious' to reach constitutional dimensions." *Crawford,* 796 F.3d at 256 (quoting *Hudson v. McMillian,* 503 U.S. 1, 8, 20 (1992)).

Officer Carrion's action do not appear to have been taken "in a good-faith effort to maintain or restore discipline." *Scott*, 344 F.3d at 291. Rather, a reasonable factfinder may infer from the allegations that her actions were unnecessary, and that her intention was to "maliciously and sadistically . . . cause harm." *Id*.; *see also Harris*, 818 F.3d at 64 ("Accordingly, determining whether officers used *excessive* force necessarily turns on the need for the force used.") (emphasis in the original). Accordingly, Plaintiff's allegations satisfy the subjective component of an excessive force claim. *See*, *e.g.*, *Mims v. Laprey*, No. 3:24-CV-238 (SVN), 2024 WL 3090481, at *4 (D. Conn. June 21, 2024) (concluding that plaintiff's allegations that correctional officers "attacked him and sexually assaulted him" after he had "calmly explained that he had an order to not be housed with a cellmate" met the subjective component on initial review). And because "the malicious use of force to cause harm[] constitute[s] [an] Eighth Amendment violation[ ] *per se*," *Blyden*, 186 F.3d at 263, Plaintiff's allegations also satisfy the objective component of an excessive force claim. *See Mims*, 2024 WL 3090481, at *4 (concluding that allegations that the defendants "physically beat him, sexually assaulted him, and forced mace down his throat" met the objective component on initial review). Thus, the Eighth Amendment excessive force claim may proceed.

The court turns next to the Fourteenth Amendment claim. The Fourteenth Amendment provides in part that no State shall "deprive any person of life, liberty, or

4

property, without due process of law." U.S. Const. amend XIV. The right to due process includes both a right to "substantive" due process and to "procedural" due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998). "While procedural due process prohibits deprivations of life, liberty, or property without constitutionally adequate procedures, substantive due process protects these substantive rights 'no matter the process employed by the State.'" *Goode v. Doe*, No. 3:24-CV-830 (KAD), 2024 WL 4008245, at *2 (D. Conn. Aug. 30, 2024) (quoting *Case v. Anderson*, No. 16-CV-983 (NSR), 2017 WL 3701863, at *14 (S.D.N.Y. Aug. 25, 2017)).

Plaintiff's complaint does not allege any due process deprivation arising from inadequate procedural safeguards. Thus, the court construes the complaint as asserting a substantive due process claim related to an alleged violation of Plaintiff's bodily integrity. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994) (noting that "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."). The Supreme Court of the United States has held, however, that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (explaining that "if a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process").

5

"Under such circumstances, a 'plaintiff's substantive due process claim is either subsumed in [his] more particularized allegations, or must fail.'" *Collins v. Putt*, 979 F.3d 128, 136 (2d Cir. 2020) (quoting *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005)) (alteration in original).

"After conviction, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'" *Graham*, 490 U.S. at 395, n.10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (alterations in original). The Supreme Court has held that "[a]ny protection that 'substantive due process' affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment." *Id.* Thus, any substantive due process claim based on Officer Carrion's excessive use of force is dismissed as duplicative of Plaintiff's Eighth Amendment claim. *See*, *e.g.*, *Raynor v. Maldonado*, No. 3:24-CV-1221 (JAM), 2024 WL 4533748, at *6 (D. Conn. Oct. 21, 2024) (dismissing a substantive due process claim based on excessive use of force as duplicative of an Eighth Amendment claim).

Lastly, the court turns to Plaintiff's retaliation claim, which the court infers is intended to allege a First Amendment claim. To state this claim, Plaintiff must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)).

The only protected activity the court can discern from the complaint is Plaintiff's attendance of a religious program just before the relevant incident. But even assuming Plaintiff's participation in that program is protected activity under the First Amendment, *see Widmar v. Vincent,* 454 U.S. 263, 269 (1981) (noting that "religious worship and discussion . . . are forms of speech and association protected by the First Amendment."), and that the force employed by Officer Carrion constitutes "adverse action against the plaintiff," *see, e.g.*, *Vicente v. Ayotte*, No. 3:24-CV-844 (OAW), 2024 WL 4931194, at *3 (D. Conn. Dec. 2, 2024) (concluding that an alleged assault by a correctional officer against a plaintiff constitutes an "adverse action"), Plaintiff has not alleged any facts suggesting a causal connection between these things. That is, the court cannot infer from the complaint that Officer Carrion's actions were motivated by any animus towards Plaintiff's religious exercise. *See Hooker v. Fournier*, 29 F. App'x 641, 643 (2d Cir. 2002) (affirming dismissal of First Amendment retaliation claim because plaintiff "failed to demonstrate a causal connection between his Muslim religious activity, which is protected, and the adverse confinement suffered at the hands of the defendants."); *Barclay v. New York*, 602 F. App'x 7, 11 (2d Cir. 2015) (affirming summary judgment on plaintiff's First Amendment retaliation claim where "[t]here was no evidence in the record to suggest a causal connection between [the plaintiff's] protected religious activity and the alleged treatment of his kufi."). Accordingly, this claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Thus, Plaintiff may proceed on his Eighth Amendment claim against Officer Carrion. Plaintiff may pursue his claim for monetary damages against Officer Carrion in

her individual capacity. And the claim for injunctive relief must be dismissed, though, because Officer Carrion in her individual capacity does not have authority to provide the injunctive relief requested. *See Roman v. Quiros*, No. 3:22CV00911(SALM), 2022 WL 3912349, at *3 (D. Conn. Aug. 31, 2022) (concluding "Plaintiff 'cannot obtain prospective injunctive relief from the Defendants sued in their individual capacities as such Defendants would not have the authority to provide such relief in their individual capacities.'") (quoting *Kuck v. Danaher*, 822 F. Supp. 2d 109, 143 (D. Conn. 2011)). And Plaintiff may pursue injunctive relief against a defendant in her official capacity only when he alleges an ongoing constitutional violation. *Bey v. Megget*, No. 3:24-CV-1258 (SVN), 2025 WL 27463, at *6 (D. Conn. Jan. 3, 2025). Because Plaintiff alleges no ongoing constitutional violation, he may not pursue injunctive relief from Officer Carrion in her official capacity.

**Accordingly, it hereby is ORDERED and ADJUDGED as follows:**

(1) The Eighth Amendment excessive force claim for damages brought against Officer Carrion shall PROCEED for further development of the record.

(2) All other claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

(3) Plaintiff's Motion for Status Update, ECF No. [14], is DENIED as moot.

(4) The Clerk shall verify the current work address for MacDougall correctional officer Carrion with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint and this order to her at her confirmed address within **twenty-one (21) days** of this Order, and report on

8

    the status of the waiver request on the **thirty-fifth (35th) day** after mailing.  If Officer Carrion fails to return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service, and Officer Carrion shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) The Clerk shall mail a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(6) Officer Carrion shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to her.  If Officer Carrion chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above.  Officer Carrion also may include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed within **six months (180 days)** from the date of this order.  Discovery requests shall not be filed with the court.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(9) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which will be sent to the parties by the Clerk.

(10) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST** notify the court.  Failure to

do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Officer Carrion or defense counsel of his new address.

(11) While incarcerated, Plaintiff shall use the Prisoner Electronic Filing Program when filing documents with the court. He is advised that the Program may be used only to file documents with the court. Local rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

IT IS SO ORDERED at Hartford, Connecticut, this 10th day of February, 2026.

                                                          /s/
                                        Omar A. Williams
                                        United States District Judge